**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSHUA E. EISEN,

Plaintiff,

v.

ANDREW M. CUOMO, Governor of New York, in his official capacity, PETER S. KOSINSKI, Co-Chair of the New York State Board of Elections, in his official capacity, DOUGLAS A. KELLNER, Co-Chair of the New York State Board of Elections, in his official capacity, and ANDREW J. SPANO, Commissioner of the New York State Board of Elections, in his official capacity,

Defendants.

Case No.: 7:20-cv-05121-PMH-LMS

**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Upon (A) the Declaration of Plaintiff Joshua E. Eisen in Support of Application for Preliminary Injunction, executed on July 10, 2020, including all exhibits thereto; (B) the Declaration of James E. Tyrrell III in Support of Plaintiff Joshua E. Eisen's Application for Preliminary Injunction, executed on July 10, 2020, including all exhibits thereto (including the Complaint, dated July 3, 2020, and Summons filed in this action); and (C) the Memorandum of Law in Support of Plaintiff Joshua E. Eisen's Application for Preliminary Injunction, dated July 10, 2020; and

Upon the initial showing by Plaintiff Joshua E. Eisen in the Complaint, declarations and memorandum of law referenced above that any unnecessary delay could result in the loss of his rights since he alleges a critical July 30, 2020 deadline, and that good and sufficient reason appearing to me therefor, it is hereby

ORDERED, that the above named Defendants or their counsel show cause at a hearing to be held in this Court before the Honorable Philip M. Halpern, United Stated District Judge, in Courtroom ________, United States Courthouse, 500 Pearl Street, New York, NY [or by telephone or video conference] on ________________________, 2020 at _________ __.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Court's inherent powers enjoining Defendants during the pendency of this action from enforcing New York's current ballot qualification requirements for independent candidates for Congress pursuant to N.Y. Election Law § 6–100, et seq. and N.Y. Exec. Order No. 202.46 (June 30, 2020), which requires the submission of 2,450 "wet" signatures that an independent candidate must procure through in-person solicitation with an in-person witness, over the course of 30 days in the middle of the global COVID-19 pandemic; and it is further

ORDERED that Plaintiff shall effect personal service of a copy of this order and his supporting papers upon Defendants or their counsel by email, courier, or overnight mail service, no later than ___________ _.m. on ___________________, 2020, which shall be deemed good and sufficient service thereof; and it is further

ORDERED that, based on the alleged end-of-month deadlines at issue in this case, an expedited hearing and briefing schedule is appropriate such that Defendants shall file with the Court and serve any responsive papers by overnight delivery and email on Plaintiff's counsel, James E. Tyrrell, III, Esq., Venable LLP, 600 Massachusetts Avenue NW, Washington, D.C. 20001, JETyrrell@venable.com, on or before ________ __.m. on _______________, 2020 and

that Plaintiff shall file with the Court and serve any reply papers by overnight delivery and email on Defendants or Defendants' counsel, on or before ______ __.m. on ________________, 2020.

SO ORDERED:

Dated: _____________ ___, 2020

______________________________________
HON. PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE